UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'   JS-6

| Case No. | 2:25-cv-02957-CAS-MAAx | Date | May 1, 2025 |
|---|---|---|---|
| Title | Avalon Hollywood, L.P. v. Benjamin Huddleston | | |

Present: The Honorable **CHRISTINA A. SNYDER**

| Catherine Jeang | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:  Attorneys Present for Defendants:

Not Present  Not Present

**Proceedings:**   **(IN CHAMBERS)** - ORDER TO REMAND

On December 27, 2024, plaintiff Avalon Hollywood, L.P. ("plaintiff") filed this unlawful detainer action against defendant Benjamin Huddleston ("defendant") in Los Angeles County Superior Court. Dkt. 1 at 5. Defendant, proceeding *pro se*, removed the case to this Court on April 4, 2025. Id. at 1. Defendant concurrently filed a request to proceed *in forma pauperis*. Dkt. 2. Defendant asserts that this Court has jurisdiction on the basis of diversity of citizenship, stating: "[p]laintiff does not reside in this state and damages as a result of an unfair eviction will exceed amounts" required by 28 U.S.C. § 1332 . Dkt. 1 at 2.

It appears that this Court lacks subject matter jurisdiction over this action. The law is clear that "[u]nlawful detainer actions are strictly within the province of state court." Federal Nat'l Mort. Assoc. v. Suarez, 2011 U.S. Dist. LEXIS 82300, *6 (E.D. Cal. Jul. 27, 2011); Deutsche Bank Nat'l Trust Co. v. Leonardo, 2011 U.S. Dist. LEXIS 83854, *2 (C.D. Cal. Aug. 1, 2011) ("[T]he complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law.").

Here, the only claim asserted by plaintiff is for unlawful detainer against defendant. See dkt. 1 at 5. The Court therefore lacks subject matter jurisdiction and must remand. Suarez, 2011 U.S. Dist. LEXIS 82300 at *6. On April 15, 2025, the Court ordered defendant to show cause, in writing, no later than April 30, 2025, why this case should not be remanded to Los Angeles County Superior Court. Dkt. 8. On April 24, 2025, the order to show cause was returned to the Court as "unable to forward" to defendant's mailing address. Dkt. 10.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**    'O'    JS-6

| Case No. | 2:25-cv-02957-CAS-MAAx | Date | May 1, 2025 |
|---|---|---|---|
| Title | Avalon Hollywood, L.P. v. Benjamin Huddleston | | |

Defendant has therefore failed to comply with Local Rule 41–6, which requires a party proceeding *pro se* to inform the Court and other parties of his current contact information, including his current mailing address. See L.R. 41–6. Further, defendant has failed to respond to the order to show cause and there are no facts that he could allege that would give rise to federal jurisdiction. The law is clear that "[u]nlawful detainer actions are strictly within the province of state court." Suarez, 2011 U.S. Dist. LEXIS 82300 at *6. Accordingly, the Court **REMANDS** this case to Los Angeles County Superior Court.

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |